IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAY KHOUNSIRIWONG, | 1:07-cv-00898-OWW-TAG HC |
| Petitioner, | ORDER OF TRANSFER |
| vs. | |
| JAMES A. YATES, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, in the Fresno Division of the United States District Court for the Eastern District of California on June 22, 2007.  (Doc. 1).

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C.  § 1391(b).

In a habeas matter, venue is proper in either the district of conviction or the district of confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d 244, 249 (9th Cir. 1989)(stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the execution of a sentence is the district where the prisoner is confined.")

In this case, petitioner is challenging a conviction from San Joaquin County, which is in the Sacramento Division of the Eastern District of California.[1] Therefore, the matter should be addressed in the forum where petitioner was convicted. Thus, the petition should have been filed in the Sacramento Division of the United States District Court for the Eastern District of California. Pursuant to Local Rule 3-120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. Therefore, this action will be transferred to the Sacramento Division of this Court.

Good cause appearing, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento; and,

2. All future filings shall reference the new Sacramento case number assigned and shall be filed at:

United States District Court
Eastern District of California
501 "I" Street, Suite 4-200
Sacramento, CA 95814

IT IS SO ORDERED.

Dated:   **January 14, 2008**                              **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner alleges he was convicted of first degree murder in the Fresno County Superior Court but that he appealed his conviction to the California Court of Appeal, Third Appellate District ("3d DCA"). (Doc. 1, pp. 1-2). Later, he alleges that he filed a state habeas petition in the Fresno County Superior Court and also one in the 3d DCA. (Id. at pp. 2-3). The Court has accessed the California court system's electronic database and has determined that Petitioner was convicted of first degree murder; however, the trial court was the San Joaquin County Superior Court. As indicated above, for that reason, venue is proper in the Sacramento Division of this Court.

2