IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VILAY KHOUNSIRIWONG,   No. CIV S-08-0101-LEW-CMK-P

    Petitioner,

  vs.   FINDINGS AND RECOMMENDATIONS

JAMES A. YATES,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition as untimely (Doc. 14), filed on March 17, 2008. Petitioner has not filed an opposition.

**I.  BACKGROUND**

    Petitioner was convicted following a jury trial of first degree murder with a firearm use enhancement. He was sentenced to 25 years to life in prison, plus four years. On direct appeal, the California Court of Appeal rejected petitioner's arguments, but nonetheless vacated the judgment on its own initiative because it concluded that the trial court had applied

1

the wrong standard in addressing petitioner's motion for a new trial. On remand, the trial court was directed to reconsider the motion under the appropriate standard. Petitioner sought review by the California Supreme Court with respect to the Court of Appeal's denial of the claims he raised. The California Supreme Court denied review on January 13, 1999. On March 8, 1999, the trial court again heard the motion for a new trial pursuant to the Court of Appeal's remand and denied the motion. It does not appear that petitioner filed any further direct appeals.

On March 29, 2006 – more than seven years later – petitioner filed a petition for a writ of habeas corpus in the San Joaquin County Superior Court, arguing that the trial and appellate courts had incorrectly decided his jury selection claim in light of the recent United States Supreme Court case of Johnson v. California, 545 U.S. 162 (2005). The petition was denied on May 16, 2006 concluding that no error occurred under Johnson and, even if one had, it was harmless. On August 28, 2006, petitioner filed a petition in the Court of Appeal raising the same claim. The Court of Appeal denied relief on October 5, 2006. Petitioner filed a habeas petition in the California Supreme Court on November 3, 2007, which was denied on May 16, 2007. The instant federal petition was filed on June 22, 2007.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

///

    Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

    The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

1 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, petitioner's conviction became final in 1999. The first state court habeas petition was not filed until 2006. Therefore, the one-year limitations period had expired well before petitioner filed his first state court action. For this reason, tolling is not an issue. Moreover, petitioner cannot rely on 28 U.S.C. § 2244(d)(1)(C) – which provides that the one-year limitations period may begin to run on the day the United States Supreme Court announces a new rule of constitutional law made retroactive on collateral review – based on the 2005 decision in Johnson. The Court in Johnson did not announce a new rule of constitutional law. Rather, it clarified what is required under Batson v. Kentucky, 476 U.S. 79 (1986), for a defendant to establish a prima facie case of discriminatory jury selection. Moreover, there is nothing in the Johnson opinion to suggest that its clarification of the Batson issue applies retroactively to cases on collateral review.

/ / /
/ / /
/ / /
/ / /
/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE