IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAY KHOUNSIRIWONG, | No. CIV S-08-0101-JAM-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| JAMES A. YATES, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's request for a certificate of appealability (Docs. 22 and 23), filed on November 6, 2008.[1]

Petitioner seeks to appeal this court's denial of his application for a writ of habeas corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for mailing to the court.  In calculating dates, the court has given petitioner the benefit of this rule.

1

1  right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability
2  indicating which issues satisfy the required showing or must state the reasons why such a
3  certificate should not issue. Fed. R. App. P. 22(b).

4      The timely filing of a notice of appeal is a jurisdictional requirement. See Scott v.
5  Younger, 739 F.2d 1464, 1466 (9th Cir. 1984). The time limit for filing a notice of appeal
6  following entry of judgment is 30 days. See Fed. R. App. P. 4(a). Petitioner's notice of appeal in
7  this action was filed more than 30 days after entry of judgment. Specifically, judgment was
8  entered on October 6, 2008, and petitioner states that he delivered his notice of appeal to prison
9  officials on November 6, 2008. Because October has 31 days, the 30-day period in which to
10 appeal expired on November 5, 2008. Petitioner's appeal is, therefore, untimely and cannot
11 provide the appellate court with jurisdiction. The issuance of a certificate of appealability cannot
12 vest the court of appeals with jurisdiction if jurisdiction is not proper in that court. Cf. Hayward
13 v. Britt, 572 F.2d 1324, 1325 (9th Cir. 1978) (addressing issuance of a certificate of probable
14 cause). Because petitioner's notice of appeal is untimely, the court declines to issue a certificate
15 of appealability.

16     Accordingly, IT IS HEREBY ORDERED that petitioner's request for a certificate
17 of appealability (Docs. 22 and 23) is denied.

18
19 DATED: 12/19/2008

20                                                         /s/ John A. Mendez
21                                                         U. S. District Judge

22
23
24
25
26